UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ARTHUR FRAZIER,

                       Plaintiff,

        -against-

ELISABETH GLAZER, Director Office of
Criminal Justice for Mayor's Office;
LORETTA LYNCH, Director of the United States
Department of Justice; BILL DE BLASIO,
Mayor of the City of New York;
JOSEPH J. REZNICK, Deputy Police Commissioner
of Internal Affairs for the New York City Police
Department,

                       Defendants.
-------------------------------------------------------------- x

MEMORANDUM & ORDER

16-cv-2925 (ENV)

VITALIANO, D.J.,

      Plaintiff Arthur Frazier, who is presently incarcerated at the Coxsackie Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, is granted. For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

## Background

      Plaintiff alleges that, on or about November 24, 2015, he sent a complaint to the Office of the Mayor of the City of New York in which he provided information on two NYPD officers who allegedly gave false testimony, in order to frame him for seven crimes. Compl. at ¶ 2. The Mayor's office forwarded that information to both the Civilian Complaint Review Board and to

1

NYPD's Internal Affairs bureau. *Id.* at ¶ 3. As of this filing, he says, he has not received any information on the status of his complaint. *Id.* Next, Frazier alleges, on November 2, 2015, he sent the same letter to Loretta Lynch, the Attorney General of the United States, and to date, he again says that he has not received a response. *Id.* at ¶¶ 6-8. He seeks both declaratory and injunctive relief. *Id.* at ¶ 11.

## Standard of Review

*Pro se* pleadings are held to less stringent standards than those drafted by attorneys. Courts are required to read *pro se* complaints liberally and interpret them as raising the strongest arguments they suggest. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). At the pleadings stage of a litigation, the district court must, additionally, assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)). Nonetheless, like any other complaint, it must still plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

Beyond that, though, under 28 U.S.C. § 1915A, a district court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, the reviewing court is obligated to dismiss a prisoner's complaint *sua sponte* [that is, on its own] if the complaint is "frivolous,

malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). *See also* 28 U.S.C. § 1915(e)(2)(B).

## Discussion

The Court liberally construes the bulk of Frazier's complaint as an action brought under 42 U.S.C. § 1983. To the extent that plaintiff seeks to assert a claim against Attorney General Lynch, a federal official, his claim is construed as brought under *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), the federal counterpart to § 1983.

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law[.]" *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* The statute "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)).

Plaintiff brings suit against defendants for failing to investigate his claims of alleged police misconduct. Such an allegation, assumed to be true, fails to state a federal civil rights

claim as a matter of law. Simply, there is no constitutional or statutory right to a government investigation. *Harrington v. Cty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (holding that there is no constitutionally protected right to a government investigation of alleged wrongdoing); *see also Martinez v. County of Suffolk*, 999 F. Supp. 2d 424, 430 (E.D.N.Y. 2014) (collecting cases).

Whereas, ordinarily, a plaintiff will be granted an opportunity to amend his complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), it need not afford that opportunity where, as here, it is clear from the plaintiff's submission that amendment would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013). The complaint is then dismissed with prejudice.

## Conclusion

In line with the foregoing, the complaint is hereby dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment accordingly and close this case.

So Ordered.

Dated: Brooklyn, New York
August 30, 2016

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge